UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:**<br><br>**Bridgette Kornegay,**<br>    Debtor<br><br>**Nationstar Mortgage LLC d/b/a**<br>**Champion Mortgage Company**<br>    Movant<br><br>v.<br><br>**Bridgette Kornegay,**<br>    Debtor/Respondent<br><br>**William C. Miller, Esquire**<br>    Trustee/Respondent | **Bankruptcy No. 18-15753-elf**<br><br>**Chapter 13**<br><br>Hearing Date: April 9, 2019<br>Hearing Time: 9:30 a.m.<br>Hearing Location: Courtroom 1,<br>United States Bankruptcy Court,<br>900 Market Street, Suite 201,<br>Philadelphia, PA 19107 |

**NATIONSTAR MORTGAGE LLC D/B/A CHAMPION MORTGAGE COMPANY'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC**

Secured Creditor, Nationstar Mortgage LLC d/b/a Champion Mortgage Company, ("Champion"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Bridgette Kornegay, (the "Debtor"), filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on August 30, 2018.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. **§** 1334, 11 U.S.C. **§** 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 25, 2009, Queenie Carter, [now deceased], executed and delivered a Promissory Note ("Note") and Reverse Mortgage ("Mortgage") securing payment of the Note up to the maximum principal amount of $258,750.00 to Wells Fargo Bank, N.A. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on July 2, 2009 as Instrument Number 52084881 of the Public Records of the City of Philadelphia, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Note and Mortgage were assigned to Champion and said Assignment was recorded with the Philadelphia Recorder of Deed's Office on September 7, 2017, as Instrument Number 53263011. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C."

6. The Mortgage was secured by a property located in Philadelphia County, commonly known as 8124 Thouron Avenue, Philadelphia, PA 19150, (the "Property").

7. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since September 17, 2017.

8. The terms and conditions of the Note and Reverse Mortgage are in default due to Borrower's death and the subject property not being occupied as the principal residence of any surviving borrower.

9. Prior to the death of Queenie Carter, Wells Fargo, assignor to Champion, initiated foreclosure proceedings against Queenie Carter, in the Court of Common Pleas of Philadelphia, in the case of <u>Wells Fargo v. Queenie Carter</u>, at Docket Number 161001471, and after her death was amended to name the known and unknown heirs of Queenie Carter, including as known heir, the Debtor, Bridgette C. Kornegay.

10. Based upon the Debtor's Chapter 13 Plan (Docket No.2), as well as her Schedules, the Property is not included within the plan. A true and correct copy of Debtor's Plan is attached hereto as Exhibit "D."

11. However, Champion cannot proceed with its foreclosure action, until relief is obtained as the Debtor is named as a party defendant in the foreclosure action pursuant to Pa.R.C.P. 1144(a)(2).

12. If Champion is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

13. Champion respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) and (2) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Champion for its interest in the above stated collateral as well as the fact that the collateral is unnecessary to an effective reorganization of the Debtor's assets.

14. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, Nationstar Mortgage LLC d/b/a Champion Mortgage Company, respectfully requests this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: March 14, 2019

**Robertson, Anschutz & Schneid, P.L.**

By: /s/ Lauren B. Karl
Lauren Berschler Karl, Esquire
Bar ID: 88209
P.O. Box 305
Ingomar, PA 15127
973-575-0707x340
Email:lkarl@rascrane.com